UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**REBECCA CRAWFORD,**

                Plaintiff,                **CASE NO.: 18-1365**

v.

**MONTCALM COUNTY ROAD COMMISSION,
DALE LINTON, ROBERT BRUNDAGE,
S. MICHAEL SCOTT, and MARK CHRISTENSEN,**
all in their individual and
official capacities,

                Defendants.
_____

LISA C. WARD(P38933)
LINDSAY L. WEISS (P82943)
Law Offices of Lisa C. Ward, PLLC
Attorneys for Plaintiff
4131 Okemos Rd., Ste. 12
Okemos, MI 48864
(517) 347-8100
_____

### COMPLAINT AND JURY DEMAND

This is an original proceeding; this case has never been previously dismissed. There is no pending or resolved civil action arising out of the transaction or occurrence which gave rise to this Complaint. This is not a class action lawsuit.

      **NOW COMES** Plaintiff, by and through her Attorneys, Lisa C. Ward and Lindsay Weiss, the Law Offices of Lisa C. Ward, PLLC, to hereby file her Complaint and Jury Demand. In support of her Complaint, Plaintiff states the following:

**JURISDICTION AND PARTIES**

1. This is an action to enforce civil rights arising out of Plaintiff's employment relationship with Defendants, pursuant to the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621 *et seq.*, the Fair Labor Standards Act, 29 U.S.C.§ 201 *et seq., and* the Elliot-Larsen Civil Rights Act, 27.2101 *et seq.*

2. This Court has original jurisdiction over Plaintiff's ADEA and Fair Labor Standards Act claims pursuant to 28 U.S.C. § 1331, § 1343(a)(4).

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

4. Plaintiff Rebecca Crawford [hereinafter "Plaintiff"] filed a charge of employment discrimination on the basis of age with the Equal Employment Opportunity Commission (EEOC) within 300 days of the commission of the unlawful employment practice alleged in this claim.

5. Plaintiff received notification of the right-to-sue letter from the EEOC on November 14, 2018, and has filed this complaint within 90 days of receiving the EEOC's notice of the right to sue.

6. Plaintiff, was, at times relevant to this Complaint, employed as an Office Assistant with the Montcalm County Road Commission.

7. Defendant Montcalm County Road Commission is a governmental agency responsible for maintaining roads and bridges within Montcalm County.

8. Defendant Dale Linton is, at times relevant to this Complaint, the Chairman of the Montcalm County Road Commission. On information and belief, Defendant Linton is a resident of the State of Michigan.

9. Defendant Robert Brundage is, at times relevant to this Complaint, the Vice Chairman of the Montcalm County Road Commission. On information and belief, Defendant Brundage is a resident of the State of Michigan.

10. Defendant S. Michael Scott is, at times relevant to this Complaint, Elected Commissioner of the Montcalm County Road Commission. On information and belief, Defendant Scott is a resident of the State of Michigan.

11. Defendant Mark Christensen is, at times relevant to this Complaint, Superintendent/Manager of the Montcalm County Road Commission. On information and belief, Defendant Christensen is a resident of the State of Michigan.

12. A substantial part of the events giving rise to this cause of action occurred in Montcalm County, Michigan.

13. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and/or (b)(2).

## COMMON ALLEGATIONS

14. Plaintiff incorporates by reference paragraphs 1-13.

15. Plaintiff was employed with Defendant as an Office Assistant for twenty-four years. During that time, Plaintiff was an excellent employee who received satisfactory performance ratings and who was never disciplined for her performance.

16. On September 27, 2017, Defendant Christensen informed Plaintiff that her position was being eliminated, thus terminating her employment with Defendant. Defendant told Plaintiff that she had done nothing wrong and that the Road Commission had decided to eliminate the position.

17. On September 28, 2017, Plaintiff noticed a position posted on the Road Commission's website for an Assistant Finance Director/Safety Coordinator. The job description included 95 percent of the responsibilities held by Plaintiff when she worked as an Office Assistant, despite the position having allegedly been eliminated.

18. On November 20, 2017, Defendants allegedly hired a 29-year-old female to replace Plaintiff in the position of Assistant Finance Director/Safety Coordinator.

19. At the time her employment was terminated, Plaintiff was not paid for vacation time that she earned between January 1, 2017, and September 27, 2017. Plaintiff had accrued 150.0 hours of vacation time, which equates to $3,304.50.

20. Plaintiff has still not received money for the vacation time she earned.

21. On April 18, 2018, Plaintiff filed charges with the EEOC claiming discrimination based on age.

22. Plaintiff received her Right to Sue letter from the EEOC on November 14, 2018.

23. Plaintiff's Complaint is filed timely with this Court.

## COUNT I- FAILURE TO PAY WAGES UNDER THE FAIR LABOR STANDARDS ACT

24. Plaintiff incorporates by reference paragraphs 1-23.

25. Defendant Montcalm County Road Commission is an *employer* as defined by 29 U.S.C. §203(s)(1)(C).

26. At all times relevant to this Complaint, Plaintiff was an employee of Defendant Montcalm County Road Commission.

27. Plaintiff was not paid for vacation time that she earned between January 1, 2017, and September 27, 2017. At the time her employment was terminated, she had accrued 150.0 hours of vacation time, which equates to $3,304.50.

28. Plaintiff is still owed this money, which constitutes unpaid wages under the FLSA.

29. As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of professional reputation.

## COUNT II- AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1969

30. Plaintiff incorporates by reference paragraphs 1 through 29.

31. Pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., "[i]t shall be unlawful for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."

32. At all material times, Plaintiff was an employee, and the Defendants were her employer, covered by and within the meaning of the ADEA.

33. Upon information and belief, Montcalm County Road Commission has 20 or more employees.

34. Plaintiff is 45 years old and a member of the protected class.

35. Plaintiff was qualified for the position of Office Assistant and the newly-created position of Assistant Financial Director/Safety Coordinator.

36. Defendants terminated Plaintiff's employment on the basis of age.

37. On November 20, 2017, Defendants hired a 29-year-old woman for the position of Assistant Finance Director/Safety Coordinator to replace Plaintiff.

38. The Assistant Finance Director/Safety Coordinator position contained substantially similar duties to the Office Assistant position which Defendant claims to have eliminated.

39. Defendants eliminated Plaintiff's position in order to terminate her employment and replace her with a younger woman.

40. Defendants' actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

41. But for Defendants' discrimination, Plaintiff's employment would not have been terminated.

42. As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of professional reputation.

### COUNT III — AGE DISCRIMINATION IN VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT

43. Plaintiff incorporates by reference paragraphs 1 through 42.

44. Pursuant to the Michigan Elliott-Larsen Civil Rights Act, M.C.L. § 37.2201 *et seq.*, an employer shall not "[f]ail or refuse to hire or recruit, discharge, or otherwise discriminate against an individual with respect to employment, compensation, or a term, condition, or privilege of employment, because of religion, race, color, national origin, age, sex, height, weight, or marital status." M.C.L. § 32.2202(1)(a).

45. At all material times, Plaintiff was an employee, and the Defendants were her employer, as defined by Michigan law. M.C.L. § 37.2201(a).

46. Upon information and belief, Montcalm County Road Commission has 1 or more employee.

47. Plaintiff is 45 years old and a member of the protected class.

48. Plaintiff was qualified for the position of Office Assistant.

49. On September 27, 2017, Plaintiff received a letter terminating her employment.

50. On September 28, 2017, Defendants posted an open job position for an Assistant Finance Director/Safety Coordinator. The job description matched 95 percent of the responsibilities Plaintiff had performed.

51. On November 20, 2017, Defendants hired a 29-year-old woman for the position of Assistant Finance Director/Safety Coordinator to replace Plaintiff.

52. Defendants replaced Plaintiff with a younger woman after Plaintiff's employment was terminated on September 27, 2018 because of Plaintiff's age.

53. Defendants' actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

54. As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of professional reputation.

## **RELIEF REQUESTED**

**PLAINTIFF REQUESTS** that this court enter judgment against Defendants for any and all damages, including, but not limited to: economic damages, including back pay and interest, front pay; compensatory damages; emotional distress; prejudgment interest; liquidated damages; exemplary and punitive damages; equitable relief, including, reinstatement, an injunction prohibiting any further acts of retaliation or discrimination, an award of interest, costs, and whatever other equitable relief appears appropriate to this Court; and attorney's fees and costs.

Dated: December 7, 2018                    /s/ Lindsay Weiss
                                                   Lindsay Weiss (P82943)
                                                   Lisa C. Ward(P38933)
                                                   Law Offices of Lisa C. Ward, PLLC
                                                   Attorney for Plaintiff
                                                   4131 Okemos Rd., Ste. 12
                                                   Okemos, MI 48864

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**REBECCA CRAWFORD,**

                Plaintiff,            **CASE NO.: 18-1365**

v.

**MONTCALM COUNTY ROAD COMMISSION,
DALE LINTON, ROBERT BRUNDAGE,
S. MICHAEL SCOTT, MARK CHRISTENSON,
AND KIM ALEXANDER, all in their individual and
official capacities,**

                Defendants.

_____

LISA C. WARD(P38933)
Law Offices of Lisa C. Ward, PLLC
Attorney for Plaintiff
4131 Okemos Rd., Ste. 12
Okemos, MI 48864
(517) 347-8100
_____


## JURY DEMAND

    **NOW COMES** Plaintiff, by and through her Attorneys, and hereby requests a trial by jury.


Dated: December 7, 2018                /s/ Lindsay Weiss
                                                            Lindsay Weiss (P82943)
                                                             Lisa C. Ward(P38933)
                                                              Law Offices of Lisa C. Ward, PLLC
                                                              Attorney for Plaintiff
                                                              4131 Okemos Rd., Ste. 12
                                                              Okemos, MI 48864